UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLARD RAY RAMSAY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-614-SDD-RLB** |
| **DAVID T. RUSNAK, ET AL.** | |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on July 16, 2013.

                                                       **RICHARD L. BOURGEOIS, JR.**
                                                       **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLARD RAY RAMSAY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-614-SDD-RLB** |
| **DAVID T. RUSNAK, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on a referral from the district court of the plaintiffs' Motion to Remand.[1] The motion is opposed.[2] This matter was removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[3] Three issues are before the court: (1) whether defendant W.W. Grainger, Inc.'s principal place of business is in Louisiana; (2) whether defendant David T. Rusnak was improperly joined to destroy diversity jurisdiction; and (3) whether removal was procedurally improper because not all of the defendants consented to removal.

### Background

The plaintiffs filed this lawsuit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against defendants David T. Rusnak, W.W. Grainger, Inc., Material Control Inc. d/b/a Cotterman Company ("Material Control"), and two fictitious insurance companies.[4] The plaintiffs served the petition on W.W. Grainger on June 11, 2012.[5] The

---

[1] Rec. Doc. 7.
[2] Rec. Doc. 11. The plaintiffs filed a reply memorandum (Rec. Doc. 34). The removing defendants filed a surreply memorandum (Rec. Doc. 21).
[3] Rec. Doc. 1.
[4] Rec. Doc. 1-2, Petition ¶ 1. The additional fictitious defendants are ABC Insurance Company and DEF Insurance Company. The citizenship of defendants sued under fictitious names is disregarded for purposes of removal based of diversity of citizenship. *See* 28 U.S.C. § 1441(b).
[5] Rec. Doc. 1-2, at 1.

petition alleges that Willard Ray Ramsay sustained injuries resulting from a fall from a movable ladder assembled and distributed by W.W. Grainger and its employee Mr. Rusnak while working on the premises owned by the Exxon Mobile Corporation ("Exxon").[6]  More specifically, the petition alleges that Mr. Rusnak was negligent in the following non-exclusive respects:

a) Failure to properly fill the work order, providing the purchaser with a defective product and one which was unfit for the purpose for which he knew or should have known it was intended;
b) Failure to properly assemble the subject ladder;
c) Failure to properly train employees on assembly of ladder;
d) Failure to properly supervise assembly of ladder;
e) Failure to properly train employees on affixing and positioning of warning labels on the ladder;
f) Failure to properly supervise affixing and position of warning labels on ladder;
g) Failure to adequately perform post assembly inspection of the ladder;
h) Failure to warn end user of unreasonably dangerous condition of the ladder;
i) Failure to properly train employees to warn end user of unreasonably dangerous condition of the ladder; [and]
j) Failure, generally to maintain the standard of care required in the above described situation.[7]

The petition further alleges that defendant W.W. Grainger is vicariously liable for the alleged negligent acts of Mr. Rusnak.[8]  The plaintiffs also raise allegations against Material Control under the Louisiana Products Liability Act, La. R.S. 9:2800.51 *et seq.*[9]

On July 11, 2012, Mr. Rusnak and W.W. Grainger filed a Notice of Removal in the United States District Court for the Eastern District of Louisiana.[10]  In the Notice of Removal, the removing defendants state that the plaintiffs wrongly alleged in their petition that W.W. Grainger has a principal place of business in Louisiana.[11]  Attached to the Notice of Removal is an affidavit by an Assistant General Counsel for W.W. Grainger stating that W.W. Grainger is

---

[6] Rec. Doc. 1-2, Petition ¶¶ 2-4.
[7] Rec. Doc. 1-2, Petition ¶ 6.
[8] Rec. Doc. 1-2, Petition ¶ 7.
[9] Rec. Doc. 1-2, Petition ¶ 8.
[10] Rec. Doc. 1.
[11] Rec. Doc. 1, at 1-2.

incorporated in Illinois and has its principal place of business in Lake Forest, Illinois (the "Hinton-Kedo Affidavit").[12]  The removing defendants further alleged that Mr. Rusnak, though a citizen of Louisiana, was "fraudulently joined as a defendant for the sole purpose of avoiding the diversity jurisdiction" of the court.[13]  Attached to the Notice of Removal is an affidavit by an Assistant Sales Manager for Material Control stating that W.W. Grainger never had possession of the ladder because Material Control assembled the ladder and drop-shipped it directly to Exxon (the "Winkler Affidavit").[14]  The plaintiffs filed their Motion to Remand on August 15, 2012.[15]

On September 4, 2012, Mr. Rusnak and W.W. Grainger moved to transfer venue to this court.[16]  The court granted the motion on September 26, 2012.[17]  The transfer was made effective September 28, 2012.[18]

## Summary of the Parties' Arguments

The plaintiffs move to remand their case back to state court on three grounds: (1) lack of complete diversity under 28 U.S.C. § 1332(a) because W.W. Grainger's principal place of business is in Louisiana; (2) lack of diversity under 28 U.S.C. § 1332(a) because Mr. Rusnak, a citizen of Louisiana, was properly joined; and (3) improper removal on procedural grounds under 28 U.S.C. § 1446(b) because not all of the defendants consented to the removal.[19]

First, the plaintiffs argue that remand is warranted because W.W. Grainger's principal place of business is located in Baton Rouge, Louisiana as indicated in the Petition, therefore

---

[12] Rec. Doc. 1-3.
[13] Rec. Doc. 1, at 2.
[14] Rec. Doc. 1-4.
[15] Rec. Doc. 7.
[16] Rec. Doc. 12.
[17] Rec. Doc. 25.
[18] Rec. Doc. 26.
[19] Rec. Doc. 7.

destroying complete diversity under 28 U.S.C. §1332(a).[20] The removing defendants do not address this issue directly in their briefing. Instead, they implicitly rely on the Hinton-Kedo Affidavit attached to their Notice of Removal, which provides that the principal place of business of W.W. Grainger is in Lake Forest, Illinois.[21]

Second, the plaintiffs argue that Mr. Rusnak is an indispensable party to this action and his presence defeats complete diversity under 28 U.S.C. §1332(a). The plaintiffs acknowledge that the Winkler Affidavit submitted by the removing defendants provides that W.W. Grainger, and by implication Mr. Rusnak, did not assemble or otherwise take possession of the ladder at issue. The plaintiffs argue that even if Mr. Rusnak did not take possession of the ladder, his alleged role "in the ordering and inspection of the ladder" and in communicating "warnings to the end-user of the product" subjects him to potential personal liability under Louisiana law for negligence.[22]

In response, the removing defendants rely on the Winkler Affidavit to argue that the plaintiffs do not have a colorable claim against Mr. Rusnak.[23] Based upon the Winkler Affidavit, the removing defendants argue that Mr. Rusnak "never saw the ladder, did not assemble the ladder or supervise the assembly of the ladder, nor did he direct anyone else to assemble the ladder."[24] The removing defendants argue that the plaintiffs' allegations against Mr. Rusnak raise claims based solely on negligent supervision and assembly of the ladder and that the plaintiffs cannot recover from Mr. Rusnak because he did not have contact with the ladder.[25]

---

[20] Rec. Doc. 7-1, at 4-5.
[21] Rec. Doc. 1-3.
[22] Rec. Doc. 7-1, at 8.
[23] Rec. Doc. 11, at 2.
[24] Rec. Doc. 11, at 2.
[25] Rec. Doc. 11, at 5.

Third, the plaintiffs argue that removal was procedurally improper under 28 U.S.C. § 1446(b)(2)(A) because Material Control did not join in the removal and the Notice of Removal provided no explanation why Material Control did not join the removal.[26] The plaintiffs further state that Material Control was served through the Louisiana Long Arm Statute, La. R.S. 13:3205, on June 22, 2012.[27] The plaintiffs argue that the "rule of unanimity" was violated because Material Control did not join in the removal or otherwise file written consent to removal within 30 days of the filing of the Notice of Removal.[28]

In response, the removing defendants argue that the removal was procedurally proper because Material Control had not been served at the time of removal and no other defendant objected to removal.[29] They further argue that service under the Louisiana Long Arm Statute is only effective when the plaintiffs file an affidavit of service into the state court record.[30] The plaintiffs, however, only provide a copy of the proof of delivery by certified mail.[31] Because the plaintiffs did not file an affidavit of service in state court until August 23, 2012, the removing defendants argue that Material Control's consent to removal[32] was timely filed on September 11, 2012.

## Applicable Law and Analysis

I. **Diversity of Citizenship**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

---

[26] Rec. Doc. 7-1, at 3-4.
[27] Rec. Doc. 34, at 1.
[28] Rec. Doc. 7-1, at 3-4.
[29] Rec. Doc. 11, at 3.
[30] Rec. Doc. 21, at 2.
[31] Rec. Doc. 34-1.
[32] Rec. Doc. 14.

5

different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 218-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

### A.     The Citizenship of W.W. Grainger

A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

In their Notice of Removal, the removing defendants provided, by way of the Hinton-Kedo Affidavit, that W.W. Grainger is an Illinois corporation and its principal place of business is located in Lake Forest, Illinois.[33] Lake Forest, Illinois is identified as the location of the corporate headquarters of W.W. Grainger, Inc. and the location where "all material corporate functions" are performed.

---

[33] Rec. Doc. 1-3.

In their motion for remand, however, the plaintiffs claim that the correct principal place of business of W.W. Grainger is in Baton Rouge, Louisiana. The plaintiffs support their argument by highlighting that their state court petition identified addresses in Baton Rouge, Louisiana for W.W. Grainger's "principal business office in Louisiana" and "principal business establishment in Louisiana."[34] The plaintiffs raise no additional argument regarding the location of W.W. Grainger's principal place of business and do not attempt to explain why the identified business locations of W.W. Grainger within Louisiana would serve as W.W. Grainger's "nerve center" for the purpose of establishing federal subject-matter jurisdiction. Although the Baton Rouge address may be the principal location for their business operations in Louisiana – that is not the same as the principal place of business for the company for federal jurisdictional purposes. The Hinton-Kedo Affidavit explains that the W.W. Grainger branches that are located in Louisiana "report up through the corporate headquarters in Lake Forest, Illinois,[35] further supporting the determination that Illinois is the principal place of business.

Accordingly, the removing defendants have established that the principal place of business of W.W. Grainger is in Lake Forest, Illinois.

## B. Improper Joinder of Mr. Rusnak

The removing defendants admit that Mr. Rusnak is a Louisiana citizen, and therefore a non-diverse defendant. Nevertheless, they argue that he should be ignored for the purpose of establishing jurisdiction because he was improperly joined to this matter.

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant

---

[34] Rec. Doc. 1-2.
[35] Rec. Doc. 1-3.

7

establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

The state law governing the court's analysis of the improper joinder issue in this case is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be held individually liable for injuries to third parties. The Louisiana Supreme Court has adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising out of the scope of their employment:

1. The principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter*, 283 So.2d at 721; *see Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (citing *Canter*, 283 So.2d at 721).

The removing defendants have submitted facts to demonstrate that Mr. Rusnak was improperly joined to this action. In the Winkler Affidavit, an Assistant Sales Manager for Material Control states that he received an accident report by Exxon indicating that the accident involved a "Tilt N Roll" ladder manufactured by Material Control. He further states that Material Control assembles such ladders "before they are shipped." He references three invoice numbers purportedly related to the sale of the ladder at issue demonstrating that the ladder "was purchased by Grainger, but drop-shipped directly to Exxon" and that W.W. Grainger did not take possession of the ladder.[36] The Winkler Affidavit does not provide whether Mr. Rusnak submitted the work order for the ladder.

---

[36] The Winkler Affidavit claims that invoices bearing invoice numbers 2127685, 2131972, and 2133824 were "attached" to the affidavit. No such invoices were attached to the Winkler Affidavit as filed.

9

In response, the plaintiffs do not submit their own evidence, or even argue, that Mr. Rusnak actually assembled, or supervised the assembly of, the ladder at issue as the plaintiffs alleged in the petition.[37]  Instead, the plaintiffs provide that even if the ladder was directly shipped from Material Control to the end-user, Exxon, the removing defendants have not denied that Mr. Rusnak "played a part in the ordering and inspection of the ladder and was responsible for communicating warnings to the end-user of the product."[38]  The plaintiffs suggest that at the very least they have raised causes of action against Mr. Rusnak for the failure (1) to properly fill in the work order for the ladder; (2) to adequately perform post-assembly inspections of the ladder; (3) to warn the end user of the "unreasonably dangerous condition of the ladder; and (4) to properly affix warning labels to the ladder.[39]

Considering the record before the court, none of the plaintiffs' claims against Mr. Rusnak can survive *Canter*.  In their petition, the plaintiffs allege that Mr. Rusnak had several duties involving the purchase and sale of the ladder—including submitting a work order, assembling the ladder, affixing warning labels, warning the end user, and supervising and training others in these tasks.  The performance of these alleged duties, if carried out by Mr. Rusnak, would be general responsibilities of his employment at W.W. Grainger, not be duties owed personally by Mr. Rusnak to the plaintiffs based on some special or unique relationship he had with them.  Because the alleged duties of Mr. Rusnak were general administrative responsibilities for the performance of his employment, and the plaintiffs have failed to allege any specific personal duties owed by Mr. Rusnak to them, the plaintiffs have no possibility of recovery against Mr. Rusnak under Louisiana law.  *See Canter*, 283 So.2d at 721; *see also Jackson v. Syngenta Crop Protection, LLC*, 2013 WL 3329855, at *3-4 (M.D. La. July 1, 2013) (finding improper joinder

---

[37] *See* Rec. Doc. 1-2, Petition ¶ 4.
[38] Rec. Doc. 7-1, at 8.
[39] Rec. Doc. 7-1, at 8; *see* Rec. Doc. 1-2, Petition ¶ 6.

10

of plant nurse and staff industrial hygienist who had general administrative responsibilities to evaluate employees for occupational chemical exposure and owed no personal duty to employees).

Furthermore, the defendants have submitted uncontroverted facts in the Winkler Affidavit precluding recovery by the plaintiffs against Mr. Rusnak with regard to claims factually premised on his involvement in the assembly of ladder. Despite having alleged that Mr. Rusnak assembled the ladder at issue, the plaintiffs do not challenge the assertion in the Winkler Affidavit that the Mr. Rusnak did not assemble or otherwise take possession of the ladder. Thus, even if the plaintiffs had alleged that Mr. Rusnak owed a personal duty to the plaintiffs in their petition, they have not rebutted the defendants' evidence that Mr. Rusnak was not involved in the assembly of the ladder or, by implication, post-assembly activities regarding the ladder (such as affixing warning labels, performing post-assembly inspections, or issuing post-assembly warnings). The defendants have met their burden of proof that the plaintiffs have no possibility of recovering against Mr. Rusnak on these claims. *See Hornsby v. AlliedSignal, Inc.*, 961 F. Supp. 923, 929 (M.D. La. 1997) (concluding that plant manager was improperly joined to action where plaintiffs failed to submit any evidence controverting the plant manager's affidavit that he had no personally duty to inspect machinery involved in alleged chemical leaks).

Finally, the plaintiffs argue that Mr. Rusnak is liable under *Canter* based upon his alleged role in submitting the work order for the ladder to Material Control. In the petition, the plaintiffs allege that "the subject ladder did not conform to the specifications and requirements related by the purchaser of said ladder, to defendant, David T. Rusnak, which failure to conform was a substantial contributing factor to the accident and resulting injuries. . . ."[40] The plaintiffs further allege that Mr. Rusnak was negligent in his "[f]ailure to properly fill the work order, providing

---

[40] Rec. Doc. 1-2, Petition ¶ 5.

the purchaser with a defective product and one which was unfit for the purpose for which he knew or should have known it was intended."[41]  The plaintiffs argue that had Mr. Rusnak delegated his general administrative responsibility for filling out the work order, he can be held liable if he (1) didn't delegate his duties with due care or (2) knew or should have known that those employees performed the duty in a negligent manner and nevertheless failed to cure the risk of harm.

The plaintiffs' argument fails because the petition does not allege that Mr. Rusnak delegated the duty to properly fill in the work order for the ladder.  As such, the petition does not raise any allegation that Mr. Rusnak did not delegate his duties with due care.  Similarly, there is no allegation in the petition that Mr. Rusnak was aware (or should have been aware) of any failure by an employee in ordering the ladder from Material Control.  Without having even raised these allegations in the petition, the court finds that the plaintiffs' arguments that *Canter* liability can attach to Mr. Rusnak based on his delegation of a general administrative responsibility must fail.

After carefully examining the facts submitted to the court in the light most favorable to the plaintiff, the court must conclude that there is no possibility that the plaintiffs might prevail against Mr. Rusnak personally.  Accordingly, Mr. Rusnak was improperly joined as a non-diverse defendant and the court has subject-matter jurisdiction over this proceeding.

## II.   Procedural Grounds for Remand

The conclusion that the court has subject-matter jurisdiction, however, is not the end of the analysis.  The plaintiffs have argued that the removal was deficient on procedural grounds and should be remanded on that basis.  The court agrees.

---

[41] Rec. Doc. 1-2, Petition ¶ 6(a).

The rule of unanimity requires that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). All served defendants must join in the petition for removal within thirty days of service on the first defendant. *Id.*, at 1263. If consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood*, 969 F.2d 165, 167, 169 (5th Cir. 1992). "A motion to remand . . . on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . ." 28 U.S.C. § 1447(c).

The plaintiffs have established that removal was procedurally improper under 28 U.S.C. § 1446(b)(2)(A), as Material Control did not timely join in the removal. The plaintiffs state that they served Material Control under the Louisiana long-arm statute, La. R.S. 13:3201 *et seq.*, on June 22, 2012 and provide a certified mail return receipt in support of such service.[42] The removing defendants do not dispute that Material Control was in fact served in this manner. Instead, the removing defendants argue that service did not become "effective" under the Louisiana long-arm statute until it was filed into the state record. Because the plaintiffs did not file an affidavit of service in state court until August 23, 2013, the removing defendants argue that Material Control's timely filed its notice of consent on September 11, 2012.[43]

This exact issue has been previously addressed by this court. *See Babin v. Isaman*, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009) (citing *Richoux v. CSR, Ltd.*, 2008 WL 576242 (E.D. La. Feb. 29, 2008)). The Louisiana long-arm statute requires that proof of service be filed in the record for purposes of taking a default judgment. *See* La. R.S. 13:3205. Notwithstanding that requirement, service of process was completed before the affidavit was filed and the rule of

---

[42] Rec. Doc. 34-1.
[43] Rec. Doc. 14.

unanimity requires the co-defendants to either join in the notice of removal or consent to the removal within the applicable time period following actual service, not filing of proof of service in the state record. *Id.* at *5. Failure to do so required remand. The removing defendants "have not shown that this statute applies in this situation or that any proof of service on another named defendant is required to enforce the rule of unanimity." *See Babin*, 2009 WL 3672901, at *5 (construing any ambiguities in the Louisiana long-arm statute in favor of the plaintiff seeking remand and construing such law as allowing service of process to be complete before the filing of an affidavit of service).

In *Babin*, the court also determined that equitable relief from the rule of unanimity was not warranted where the removing defendants relied solely on the absence of proof in the state court record and took no other steps to determine whether the other defendant had been served. *Babin*, 2009 WL 3672901, at *5; *see also Forman v. Equifax Credit Info. Svcs., Inc.,* 1997 WL 162008, at *2 (E.D. La. Apr. 4, 1997) (exceptional circumstances did not exist for providing equitable relief where the removing defendant failed to contact the non-consenting defendant directly, even though service on the non-consenting defendant was not reflected in the state court record). Such equitable relief is also inappropriate in this case. In fact, the removing defendants were in some contact with Material Control at the time of the removal yet failed to obtain the required consent. Just over two weeks after the plaintiffs served Material Control under the long-arm statute, the removing defendants obtained the Winkler Affidavit, which was signed by an Assistant Sales Manager for Material Control.[44] The removing defendants are silent as to whether they made any efforts to determine that Material Control had been served.

---

[44] Rec. Doc. 1-4. The Winkler Affidavit does not purport to operate as notice of consent by Material Control. For consent to removal to be proper and binding, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to

As discussed above, Material Control was served the petition on or about June 22, 2012. The action was removed on July 11, 2012. Material Control had 30 days from the date of removal to file its notice of consent. *Getty Oil*, 841 F.2d at 1263. The notice of consent filed by Material Control on September 11, 2012 was untimely. Therefore, the removal by defendants W.W. Grainger and Mr. Rusnak is procedural deficient because Material Control neither joined in the Notice of Removal nor timely consented to the removal.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (Rec. Doc. 7) should be **GRANTED** and the case be **REMANDED** to state court.

Signed in Baton Rouge, Louisiana, on July 16, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil*, 841 F.2d at 1262 n. 11.